*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, BERGEN, VOORHEES, MINTURN, KALISCH, BOGERT, CONGDON, WHITE, TREACY, JJ.   13.


---


MARTHA JOHNSON, PLAINTIFF AND PLAINTIFF IN ERROR, v. PUBLIC SERVICE RAILWAY COMPANY, DEFENDANT AND DEFENDANT IN ERROR.

Submitted July 6, 1912—Decided November 18, 1912.

While it is a rule that a railway company having the right to lay tracks in a public street, by the general principles of the common law and without either statute or ordinance or contractual obligation, is bound to lay its tracks in a proper manner, and to keep them in a proper state of repair, nevertheless, liability of such a company for failing to keep the surface of the street in repair does not result from the mere fact that the corporation has been vested with a franchise or license to use the public street; the liability to maintain the pavement, as such, if it exists, must rest upon some statute or ordinance imposing such a duty, or must arise out of the obligations of a contract; and, in the absence of statute, ordinance or contractual obligation creating such duty, a railway company is not liable to one of the traveling public who is injured by stumbling over one of its tracks which is exposed by reason of the highway becoming depressed at the place of the accident, when such depression in the street has not been occasioned by the negligence of the company.

On error to the Hudson Circuit Court.

For the plaintiff in error, *Weller & Lichtenstein.*

For the defendant in error, *Edwards & Smith.*

The opinion of the court was delivered by

WALKER, CHANCELLOR. This writ of error brings up for review the propriety of a judgment of nonsuit granted by the Hudson Circuit Court. The case was one in tort for an injury received by the plaintiff while walking across Courtland street at its intersection with Central avenue, Jersey City, on the night of November 17th, 1910. At the point in question a flagstone on the street crossing had become depressed and the plaintiff caught her foot on the north rail of the defendant company's trolley track and fell with such force that both her arms were broken. The street at the point in question had been in the same condition about a year and a half.

The nonsuit was ordered upon the ground that no negligence had been shown on the part of the defendant, and this, in turn, was rested upon the ground that the defendant company owed no duty to the traveling public for the condition of the highway at the *locus in quo.*

The case of *Fielders* v. *North Jersey Street Railway Co.,* 39 *Vroom* 343, is controlling. Counsel for both plaintiff and defendant seem to concede this. It is the only case but one, in our own courts, cited by counsel for the plaintiff in error, and is the only case cited by counsel for the defendant in error. In that case (Fielders *v.* North Jersey Street Railway Co.) it was held that the liability of a railway company to maintain the pavement of a public street on which its tracks are laid does not result from the mere fact that the corporation has been vested with a franchise or license to use the street; that such liability, if it exists, must either rest upon some valid statute or ordinance imposing such duty or must arise out of contractual obligations. *Id.* (at *p.* 346).

The case at bar is barren of evidence showing any municipal ordinance requiring the defendant company to repair

the street or maintain it at grade, nor have we been pointed to any act of the legislature making such a requirement of the defendant company.

As actionable negligence includes the notion that a legal duty has been violated, and as no legal duty by the defendant to repair the street is shown to exist in this case in virtue of a statute or an ordinance, that duty, if any, must arise out of the common law.

The general principles of the common law require a street railway company which is authorized to lay its tracks in the public street to lay them in a proper manner and keep them in a state of proper repair. *Ibid.* 346. This doctrine, however, does not come in aid of the plaintiff's case, because the proofs fail to disclose improper laying of, or want of repair in, the tracks of the defendant company. The injury to the plaintiff happened solely from the fact that one of the stones or flags forming a crosswalk had sunk, leaving a depression of two and one-half feet in length and one and one-half feet in width and about two and one-half inches in depth, running up to the northerly side of the north rail of the track and extending northerly between the rail and the curbstone.

Counsel for the plaintiff in error seeks to avoid the effect of Fielders *v.* North Jersey Street Railway Co. by saying that this language in the opinion of this court in that case: "Nor is there anything to connect the defect with the defendant's rails or sleepers, or to show that anything done or omitted in the construction, maintenance or operation of the railway produced the defect," meant in that case that if the injury to the plaintiff had been the result of falling over a rail or sleeper which the company had allowed to extend above the adjacent pavement (as in the case at bar), it would have been liable. In our opinion, the language quoted from the Fielders case is no authority for the position of the plaintiff in error, but, on the contrary, affords ground upon which to rest the judgment of nonsuit. There is nothing in this case to connect the defect (the sunken flagstone) with the defendant's rails or other construction, or to show that anything was done or omitted in the construction, maintenance or operation of the

railway which produced the defect. The municipal authorities having charge of the highway appear to have been responsible for its condition at the time of the accident.

There must be an affirmance of the judgment of the court below.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, BERGEN, VOORHEES, MINTURN, BOGERT, VREDENBURGH, CONGDON, WHITE, JJ.   12.

*For reversal*—KALISCH, TREACY, JJ.   2.